**David Warren GRIFFIN,
Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Civ. A. No. 74-C-204-R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Dec. 9, 1974.

Paul R. Thomson, Jr., Asst. U. S. Atty., Roanoke, Va., for United States.

OPINION and JUDGMENT

DALTON, District Judge.

David Warren Griffin, an inmate at the Federal Correctional Institution, Texarkana, Texas, has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Griffin was sentenced by this court to a term of three (3) years confinement, sentence to run concurrently with any sentence the defendant was

then serving. This sentence was imposed on Griffin after he entered a plea of guilty to violations of 18 U.S.C. § 2314; at the time of his plea Griffin was represented by counsel.

In this habeas corpus action, petitioner alleges that his conviction under 18 U.S.C. § 2314 was unconstitutional in that he was denied his right to a speedy trial. Petitioner's complaint is based upon the delay between the date of the issuance of a warrant for his arrest, December 21, 1971, and the date of his trial, December 11, 1972. Although under normal circumstances a one year delay between arrest and trial would be disfavored by this court, the disposition of Griffin's criminal charge was a complicated process. In order to assess whether the government proceeded with the disposition of the criminal charges in a permissible time period necessitates a consideration of the unique factors involved in the Griffin case.

At the time of the issuance of the warrant for Griffin's arrest he was in the custody of a foreign state, Alabama, where he was serving time for various offenses. Therefore, the arrest warrant of December 21, 1971 was returned unexecuted. The government then proceeded to present evidence to a Grand Jury sitting at Roanoke; the Grand Jury returned a True Bill on May 2, 1972. The next months brought repeated efforts by the United States Attorney to locate Griffin and file Rule 20 papers where he was detained. The Rule 20 papers were first sent to Montgomery, Alabama, but Griffin had been sent to the Federal Correctional Institute at Texarkana, Texas, and the papers arrived too late. The government then forwarded the Rule 20 papers to Texarkana, Texas on May 17, 1972. However, it was not until September 5, 1972, that the United States Attorney in Roanoke was advised that Griffin had been sent to the Medical Center for Federal Prisoners at Springfield, Missouri. On September 8, 1972, Rule 20 papers were forwarded to Missouri, but Griffin refused to agree to the transfer of the case. On November 29, 1972, a writ of habeas corpus *ad prosequendum* was issued by this court to cause the head of the Medical Center to turn custody of Griffin over to the United States Marshal who would bring Griffin back to this jurisdiction for disposition of his case. On December 11, 1972, Griffin pleaded guilty to one count of a six count indictment and was sentenced that same day to a term of three (3) years, such sentence to be served concurrently with the sentences Griffin was then serving.

Through this review of the circumstances surrounding the arrest, indictment and trial of Griffin the court reaches the conclusion that petitioner was not denied his right to a speedy trial, nor was he in any way prejudiced by the understandable delay between issuance of the arrest warrant and trial. The Supreme Court has held that "(w)hether delay in completing a prosecution . . . amounts to an unconstitutional deprivation of rights depends upon the circumstances. . . . The delay must not be purposeful or oppressive." Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393 (1956). Furthermore, the District of Columbia Circuit Court stated in a case involving a thirteen month delay:

> We do not think such dismissal is required, at least for delay of the extent before us, unless defendant makes out a prima facie case of prejudice to his defense. Smith v. United States, 135 U.S.App.D.C. 284, 418 F.2d 1120 (1969).

In the matter before the court, the petitioner has not made any showing of prejudice to his defense and in fact entered a guilty plea, removing all possibility of such prejudice. Moreover, in considering the relevant circumstances, it is apparent that the United States Attorney for the Western District of Virginia in no way purposefully or conveniently

delayed the final disposition of Griffin's case. The complexities of multi-state, multi-convictions served to cause the resulting delay.

For the above reasons the court orders Griffin's petition dismissed. The petitioner is advised that he may appeal this order to the United States Court of Appeals for the Fourth Circuit within thirty (30) days of the date of this order.